THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PEARL RAY, and ANDREW RAY, SR., <br><br> Plaintiffs, <br><br> v. <br><br> MUHAMMAD TABRIZ, MD., <br><br> Defendant, <br><br> v. <br><br> BLUE CROSS BLUE SHIELD ASSOCIATION, as carrier for Federal Employee Program, <br><br> *Lien Holder*. | Case No. 23-cv-1467 <br><br> Judge April M. Perry |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Pearl Ray and Andrew Ray, Sr. filed a Motion for Attorney Fees pursuant to 28 U.S.C. § 1447(c) which was granted based upon the Court's finding that clearly established law squarely foreclosed Lien Holder Blue Cross Blue Shield's ("BCBS") removal of the entire case on federal question grounds and that BCBS therefore lacked a reasonable basis for removal. Doc. 48. In the Motion for Attorney Fees, Attorney Christopher Patrick Ford requested $75,500 in fees, and Attorney Joan M. Mannix requested $32,000 in fees. Doc. 44 at 14, 16. These fees were calculated based upon a billing rate of $500 per hour. *See id.* In granting the motion, the Court requested that Plaintiffs file an updated fee petition providing additional documentation in support of the requested attorney billing rate of $500 per hour. Specifically, the Court requested any evidence of counsel's rates in similar cases and evidence of rates charged by similarly experienced attorneys in similar cases. *See Montanez v. Simon*, 755 F.3d 547, 553 (7th Cir. 2014); *Gonzalez v. Landes Foods, LLC*, 2018 WL 1626540, at *4 (S.D. Ind. Apr. 4, 2018).

In response to the Court's request, Plaintiffs have responded by submitting several data points supporting their request of $500 per hour. Doc. 50. First, Plaintiffs point to *Hooker v. Hooker*, Case No. 1-22-2999, ECF Dkt. 26 (N.D. Ill., Sept. 27, 2022) (award of fees and costs aff'd, *Hooker v. Hooker*, No. 22-2914, 2023 WL 5923984 (7th Cir. 9/12/2023)), which involved the improper removal of a child support dispute. In *Hooker*, the Court awarded hourly rates ranging from $975 per hour (for an attorney with 38 years of experience) to $550 per hour (for an attorney with 8 years of experience). In *Hirsch v. Will County*, 2023 WL 6809609 (N.D. Ill. 10/15/2023), Plaintiffs point out that the Court found that attorneys in civil rights cases frequently are awarded fees between $475 to $585 per hour. Plaintiffs also point to *McKinney v. Chicago Transit Authority*, 2023 WL 5153753 (N.D. Ill. 8/10/2023), in which fees between

$550-$650 per hour were awarded, and *Williams v. City of Chicago*, 2022 WL 97604 (N.D. Ill. 3/31/2022), in which fees of $425 per hour were awarded. Finally, Plaintiffs note that BCBS's lawyers include private counsel based in Washington, D.C., and use the Laffey Matrix to approximate that defense counsel may be billing an hourly rate of $1141 per hour.

      As for the Plaintiffs' attorneys, they are rarely compensated with an hourly rate because medical malpractice work is typically compensated on a contingency basis. Plaintiffs submit evidence that when they are compensated on an hourly basis, the rates have been $500 per hour for Attorney Ford and $400 per hour for Attorney Mannix. Plaintiff also submits evidence that Attorney Ford has been a licensed lawyer since 1981, and for the last 20 years the average gross annual fees for his solo practice have been $845,937.39. If Attorney Ford worked approximately 2,000 hours / year for the last 20 years (a fact he does not allege, but which is a typical expectation for Chicago lawyers), that would equate to a billing rate of $422 per hour. Attorney Mannix has been a licensed lawyer since 1985 and maintains a solo practice concentrating in appellate work. For her last three hourly rate engagements, Attorney Mannix was paid $400 per hour. Attorney Mannix notes that in a 2022 case where fees were granted for her work, the judge concluded that $297 was an appropriate hourly rate, although she also points out that no one requested any information from her on that topic and no evidence was submitted by the parties.

      BCBS offers three responses: (1) the motion granting attorney fees should have been denied altogether; (2) Plaintiffs' attorneys are not entitled to all their time in connection with the motion to remand and associated appeal, but only the issue on which they prevailed; and (3) the amount of attorneys' fees Plaintiffs seek is unreasonable as it is approximately equal to the amount in dispute between Plaintiff and BCBS and "it is hard to imagine a paying client ever agreeing to pay such fees." Doc. 51 at 3.

      The Court begins with BCBS's third argument, which it finds unpersuasive. The fact that attorneys' fees can quickly exceed the value of disputes is both a sad fact of litigation and also precisely the reason that attorneys' fees for unreasonable and bad faith litigation are awarded. In *Wisconsin v. Hotline Industries*, the Seventh Circuit recognized that part of the rationale of § 1447(c)'s fee scheme is that "[i]mproper removal prolongs litigation (and jacks up fees)," and therefore "'when [a party's] adversary wrongfully drags them into a second judicial system the loser must expect to cover the incremental costs.'" 236 F.3d 363, 367–68 (7th Cir. 2000) (*quoting Garbie v. Daimlerchrysler Corp.*, 211 F.3d 407, 411 (7th Cir. 2000)). As the Supreme Court has put it: "Assessing costs and fees on remand reduces the attractiveness of removal as a method for delaying litigation and imposing costs on the plaintiff". *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140 (2005).

      The Court also disregards BCBS's first argument, which is undeveloped and does not relate to the issue for which the Court requested additional information: the reasonableness of the attorney billing rate.

      This brings us to the key issue: the appropriate amount of attorneys' fees to be awarded in this case. The Court finds that Plaintiffs have adequately established a billing rate of $500 per hour for Attorney Ford and $400 per hour for Attorney Mannix. This is the rate they have been paid for prior work and is consistent with legal rates that have been awarded in cases involving legal work on remands. *See Montanez v. Simon*, 755 F.3d 547, 553 (7th Cir. 2014) ("The best evidence of the market rate is the amount the attorney actually bills for similar work, but if that rate can't be determined, then the district court may rely on evidence of rates charged by similarly experienced attorneys in the community and evidence of rates set for the attorney in similar cases."); *see also An Udder Sensation II LLC v. Indiana Beach Holdings LLC*, 2023 WL

6841693 at *1 (N.D. Ind. Oct. 16, 2023) (approving a partner's rate in a removal case in the Northern District of Indiana of $385 per hour); *Currier v. Lawgix Lawyers, LLC,* 2022 WL 11826245 at *2 (E.D. Wis. Oct. 20, 2022) (approving associates and of counsel rates of $425-550 per hour for a motion to remand in the Eastern District of Wisconsin); *FitzMark, LLC v. Rogers*, 2024 WL 758017 at *4 (S.D. Ind. 2024) (approving rates of between $365-$570 for work on a remand in the Southern District of Indiana).[1]

However, the Court agrees with the BCBS that time related to litigating the motion for adjudication is not properly related to the improper remand, given federal jurisdiction is proper over that claim. It appears that Attorney Ford billed four hours for that work, and the Court therefore reduces Attorney Ford's requested fees by $2,000. *See* Doc. 44 at 12 ("Receipt and review BCBS' Opposition to Plaintiffs' Motion for Adjudication…").

The Court is not persuaded that it must also discount the Plaintiffs' appellate work to the extent that portions of the appeal in this case involved BCBS's successful argument that removal of the motion for adjudication was proper under federal officer removal statute. BCBS chose to remove this entire case – rather than just the single motion it was entitled to remove – on the basis of federal question jurisdiction. Doc. 1 at 2. BCBS then argued that removal of the entire case under federal question jurisdiction was proper. Doc. 16 at 3. When BCBS lost, BCBS argued *for the first time on appeal*, that the Court should have retained jurisdiction over just the motion for adjudication under the federal officer removal statute. If BCBS had argued to this Court that the Court should exercise jurisdiction solely over the motion for adjudication even if remanding the rest of the case to state court, the appeal (and its expenses) could have been avoided altogether. Or, BCBS could have in the first instance only removed the portion of the case that it was entitled to remove, which also would have rendered the appeal unnecessary. In any event, no appellate attorneys' fees would have been expended were it not for BCBS's improper federal question removal. Given that, this Court finds that the appellate expenses are properly considered costs incurred as a result of an improper removal. *See Avitts v. Amoco Prod. Co.*, 111 F.3d 30, 32 (5th Cir. 1997) ("We interpret ['incurred as a result of removal'] to limit the litigation expenses that may be awarded under this section to fees and costs incurred in federal courts that would not have been incurred had the case remained in state court.").

Attorney Ford has submitted time sheets evidencing 151 hours of work in this case and Attorney Mannix submitted time sheets evidencing 64 hours of work. There are several factors contributing to the number of hours billed, including (1) the case being removed one week before the state court trial was to begin, which resulted in time being expended notifying witnesses and the state court about the reasons for the delay; (2) briefing of a motion to reconsider; and (3) an appeal to the Seventh Circuit consisting of 76 pages of briefing from BCBS (in its opening and reply brief), a 40-page brief from the Plaintiff, and oral argument. The Court considers the amount of hours reasonable, given the complexity of the case and the extensiveness of the briefing required.

---

[1] The Court has focused on rates approved for work on remands rather than medical malpractice rates largely because medical malpractice cases are typically compensated on a contingency fee basis, making hourly rate determination exceedingly difficult. The Court suspects that counsel have had very high settlements in cases that have required few hours of work, as well as cases for which they have invested countless hours which have resulted in much smaller (or no) awards. In any event, the work in this case was for research and writing about federal jurisdictional principles, not medical malpractice, and therefore the most comparable type of work is other cases involving remands. To the extent that the Court is citing cases outside of the Northern District of Illinois, the Court has also considered that legal rates in the Chicago area tend to be higher than rates in other parts of the Midwest.

For these reasons, as well as those set forth in the Court's earlier opinion, Doc. 48, the Court orders BCBS to pay $73,500 to Attorney Ford and $25,600 to Attorney Mannix.

Dated: 1/2/2025

*April M Perry*
United States District Judge